UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-62617-BLOOM/Valle

UNITED STATES OF
AMERICA, *ex. rel.*, MARISELA
CARMEN MEDRANO and ADA
LOPEZ,

    Plaintiffs,

v.

DIABETIC CARE RX, LLC,
*d/b/a*, PATIENT CARE
AMERICA, *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTIONS TO STAY

**THIS CAUSE** is before the Court upon multiple motions to stay filed by Defendants Riordan, Lewis & Haden, Inc., ECF No. [85], Defendant Patrick Smith, ECF No. [87], Defendant Matthew Smith, ECF No. [88], and Defendant Diabetic Care Rx, LLC, ECF No. [89] (collectively, the "Motions"). In the Motions, Defendants request that the Court stay discovery pending disposition of the various motions to dismiss. In addition, Defendant Matthew Smith ("Smith") moves for a stay of this case pending the outcome of a criminal investigation against him. The Court has carefully reviewed the Motions, all opposing and supporting materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are denied.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). A court may enter a stay to promote judicial economy, reduce confusion or prejudice, and prevent possibility of

inconsistent resolutions. *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1525 (11th Cir. 1984). In determining whether a stay is appropriate, courts examine the following four factors: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) potential for harm to the opposing party if the stay is issued and (4) whether issuing a stay would be in the public interest. *Guirola-Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417-18 (S.D. Fla. 1987).

In addition, "a court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" *United States v. Lot 5, Fox Grove, Alachua Cty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (citation omitted). "The [F]ifth [A]mendment privilege against self-incrimination permits a person 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in the future criminal proceedings.'" *Erwin v. Price*, 778 F.2d 668, 669 (11th Cir. 1985) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S. Ct. 316, 38 L.Ed.2d 274 (1973)). "However, the blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." *S.E.C. v. Wright*, 261 F. App'x 259, 262-63 (11th Cir. 2008). That is, "[a]bsent special circumstances, the mere existence of parallel criminal and civil proceedings does not mandate entry of a stay of the latter." *Lay v. Hixon*, No. 09-0075-WS-M, 2009 WL 1357384, at *2 (S.D. Ala. May 12, 2009); *Dean v. Douglas*, No. 5:12-CV-120(CAR), 2012 WL 6151137, at *3 (M.D. Ga. Dec. 11, 2012) (same).

"The Eleventh Circuit has articulated a narrow set circumstances which require that a stay be granted." *Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, No. 09-60756-CIV, 2009 WL 2589116, at *1 (S.D. Fla. Aug. 19, 2009); *see also Court-Appointed Receiver of Lancer Mgmt. Grp. LLC v. Lauer*, No. 05-60584-CIV, 2009 WL 800144, at *2 (S.D. Fla. Mar. 25, 2009) (identifying "cases from outside this jurisdiction which utilize more lenient standards for staying

civil proceedings when there is a pending criminal proceeding against the same defendant"). Courts here must consider "whether a defendant in both a civil and criminal matter is 'forced to choose between waiving his privilege against self-incrimination or losing the civil case in summary proceedings.'" *Shell Oil Co. v. Altina Assocs., Inc.*, 866 F. Supp. 536, 540 (M.D. Fla.1994) (quoting *Pervis v. State Farm Fire & Cas. Co.*, 901 F.2d 944 (11th Cir. 1990)). "[T]he mere possibility of disadvantage in a civil proceeding, such as that which might result from this adverse inference, is insufficient to justify a stay at [an early] point in the proceeding." *Lauer*, 2009 WL 800144, at *3. Rather, "[t]he law in the Eleventh Circuit requires consideration of whether, as a result of invoking the privilege, the defendant faces *certain loss* of the civil proceeding on summary judgment if the civil proceeding were to continue." *Id.* at *2 (emphasis added); *see United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991), *as amended* (Nov. 5, 1991) ("[T]he invocation of the privilege must result in an adverse judgment, not merely the loss of his most effective defense.") (quotation omitted).

With these standards in mind, upon review, the Court finds that a stay is not warranted. Moreover, the Court finds that Defendant Smith is not entitled to a stay based on a pending criminal investigation. First, while the United States acknowledges that Defendant Smith is under investigation, which relates to the instant case, Defendant Smith has not yet been indicted – therefore, no pending criminal proceeding exists. *Pellegrino v. Wengert*, 147 F. Supp. 3d 1379, 1382 (S.D. Fla. 2015) (citing *Coquina Invs. v. Rothstein*, No. 10-60786-Civ, 2011 WL 2530945, at *2 (S.D. Fla. June 24, 2011)). Second, although Defendant Smith maintains that the United States first "threatened" and then "pledged" to indict him, a review of the transcript Defendant Smith relies on for this characterization demonstrates rather that the Assistant United States Attorney expressed a belief that Defendant Smith would be indicted. *See* ECF No. [88] at 1-2; *United States v. Monty Grow*, Case No. 16-cv-20893-FAM, ECF No. [231] at 329. Third,

Defendant Smith has not shown that invoking his Fifth Amendment right would result in "certain loss." Defendant Smith maintains that invoking the privilege would result in an adverse inference; however, this alone is insufficient to justify a stay. *Lauer*, 2009 WL 800144, at *3. Therefore, Defendant Smith has failed to demonstrate that sufficient special circumstances exist to justify a stay in the instant case. Nevertheless, Defendant Smith may move for a protective order with respect to specific requested discovery or testimony that may, in fact, elicit incriminating evidence.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motions, **ECF Nos. [85]**, **[87]**, **[88]**, and **[89]**, are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of November, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record