# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-cv-62617-BLOOM/Valle

UNITED STATES OF
AMERICA, *ex. rel.*, MARISELA
CARMEN MEDRANO and ADA
LOPEZ,

       Plaintiffs,

v.

DIABETIC CARE RX, LLC,
*d/b/a*, PATIENT CARE
AMERICA, *et al.*,

       Defendants.

_____/

## <u>ORDER ADOPTING IN PART REPORT AND RECOMMENDATIONS</u>

**THIS CAUSE** is before the Court upon motions to dismiss filed by Defendants Diabetic

Care RX, LLC doing business as Patient Care America ("PCA"), ECF No. [51] ("PCA's Motion");

Riordan, Lewis & Haden, Inc. ("RLH"), ECF No. [52]; Matthew Smith, ECF No. [53]; and Patrick

Smith, ECF No. [54] (collectively, the "Motions"). The Court previously referred the Motions to

Magistrate Judge Alicia O. Valle for a Report and Recommendations. *See* ECF No. [82]. Judge

Valle issued a Report and Recommendations, ECF No. [100] ("R&R"), recommending that the

Motions be granted in part and denied in part.

Defendants PCA, RLH, Matthew Smith and Patrick Smith (collectively, "Defendants"),

Intervenor-Plaintiff the United States of America (the "Government"), and the Relators Carmen

Medrano and Ada Lopez (together, the "Relators") timely filed their objections to the R&R, *see*

ECF Nos. [107]-[112] (collectively, "Objections"), and responses to the Objections, *see* ECF Nos.

[113]-[118].

The Court has reviewed the Motions and the record, has conducted a *de novo* review of Judge Valle's R&R in light of the Objections, and is otherwise fully advised. For the reasons that follow, the Court adopts in part the R&R.

## I.     BACKGROUND

The parties do not object to the recitation of the relevant factual background and legal standards set forth in the R&R. *See* ECF No. [100] at 2-11. Thus, for the sake of brevity and efficiency, the Court adopts the factual background and legal standards as stated in the R&R.

In the Intervenor Complaint, ECF No. [36] ("Complaint"), the Government asserts three claims: violation of the False Claims Act, 31 U.S.C. §§ 3729, *et seq.* ("FCA") by all Defendants; payment by mistake against PCA (Count II); and unjust enrichment against PCA (Count III). In the Motions, Defendants seek dismissal of the FCA claim arguing that it fails to (1) satisfy Rule 9(b)'s heightened pleading standard; (2) clearly allege whether claims submitted were factually or legally false; (3) state a viable claim under either the express certification theory or implied certification theory; (4) adequately allege knowledge and causation as to RLH; (5) adequately allege presentment of false claims as to either Matthew or Patrick Smith; (6) allege that Matthew Smith's conduct was material to TRICARE's decision to reimburse PCA for claims; or (7) that recipients of prescription copayment waivers were not lawfully entitled to those waivers; (8) adequately allege that Patrick Smith knew that PCA was paying copayments without financial verification; (9) that he made any material misrepresentations to TRICARE; or (10) a claim based on the lack of prescriber-patient relationship. In addition, PCA seeks dismissal of Counts II and III for failure to state a claim, and because the Complaint fails to assert whether the claims are asserted under federal or state law. Defendants request that the dismissal be with prejudice.

**A. The R&R**

In the R&R, Judge Valle recommends that the Motions be granted in part and denied in part. In pertinent part, Judge Valle concludes that the Complaint alleges that Defendants submitted legally false claims to TRICARE in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b ("AKS"). However, the Complaint fails to state a presentment claim under either the express or implied certification theory. The Complaint fails to allege that Defendants falsely certified compliance with an applicable law or regulation at the time a claim was submitted to TRICARE, or that PCA's agreement to abide by the terms of the Provider Agreement was false at the time it was made. Moreover, the Complaint does not contain allegations regarding the specific representations Defendants made to TRICARE when submitting a claim. Therefore, Judge Valle finds that the FCA claim fails to satisfy Rule 9(b)'s heightened pleading standard.

Even though the FCA claim could be dismissed upon this basis alone, the R&R proceeds to analyze Defendants' remaining arguments, finding that the Complaint adequately alleges materiality; that the allegations are sufficient with respect to RLH's and Patrick Smith's knowledge of the Marketing Kickback Scheme, but not as to the Copayment Waiver Scheme or the Prescriber-Patient Scheme; that the Complaint adequately alleges causation as to Patrick Smith, Matthew Smith, and RLH under the Marketing Kickback Scheme, and against Matthew Smith under the Prescriber-Patient and Copayment Waiver Schemes; and that the Complaint sufficiently states claims for payment by mistake and unjust enrichment against PCA. Ultimately, Judge Valle recommends that the FCA claim in Count I be dismissed without prejudice, and that PCA's Motion be denied as to the payment by mistake and unjust enrichment claims (Counts II and III).

**The Objections**

All parties filed objections to Judge Valle's R&R. In general, Defendants do not object to

Judge Valle's determination that the FCA claim should be dismissed, but they object to the conclusion that the dismissal should be without prejudice, and the additional findings in the R&R with respect to materiality, particularity, falsity, knowledge and intent, and causation. In addition, PCA objects to what it characterizes as Judge Valle's failure to address its separate argument for dismissal of the FCA claim on the basis that the Complaint fails to tie any of the representative claims to the allegedly fraudulent conduct, and to Judge Valle's conclusion that Counts II and III state plausible claims for payment by mistake and unjust enrichment.[1] The Government objects to the finding that the Complaint fails to adequately allege falsity under the FCA, and fails to properly allege Patrick Smith's and RLH's knowledge with respect to the Copayment Waiver or Prescriber-Patient Schemes.[2]

## II.    LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). Those portions of the report and recommendations to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). To the extent a party fails to object to parts of the

[1] PCA also requests that in the event that this Court determines that any claims survive, the claims should be limited to the patients and prescriptions listed in the Complaint.

[2] The Relators join and adopt in full the objections made by the Government. *See* ECF No. [111].

magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). Ultimately, a district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *see also Macort*, 208 F. App'x at 783-84 (a district court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.") (quoting *Heath*, 863 F.2d at 822) (alteration omitted).

## III.    ANALYSIS

The FCA renders liable "any person who knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A). A claim asserted under this provision of the FCA is known as a "presentment" claim, which is the type of claim asserted by the Government. *See* ECF No. [36] at 35. The AKS makes it unlawful, in pertinent part, to "knowingly and willfully offer[] or pay[] any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person to refer an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program." 42 U.S.C. § 1320a-7b(b)(2)(A). In addition, "a claim that includes items or services resulting from a violation of this section constitutes a false or fraudulent claim for purposes of [the FCA]." 42 U.S.C. § 1320a-7b(g).

However, "[t]he False Claims Act does not create liability merely for [the] disregard of Government regulations or improper internal policies, unless, as a result of such acts, the provider knowingly asks the Government to pay amounts it does not owe." *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002) (citing *Harrison v. Westinghouse*

*Savannah River Co.*, 176 F.3d 776, 785 (4th Cir. 1999) ("The statute attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the '*claim for payment*.'") (emphasis in original)). "It imposes liability on a person who knowingly *presents, or causes to be presented*, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." *Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1325 (11th Cir. 2009) (quoting 31 U.S.C. § 3729(a)(1)) (emphasis in original). Thus, "Rule 9(b) requires that actual presentment of a claim be pled with particularity." *Corsello v. Lincare*, 428 F.3d 1008, 1014 (11th Cir. 2005). "The submission of a claim is . . . the *sine qua non* of a False Claims Act violation." *Clausen*, 290 F.3d at 1311.

### A. The Government's Objections

The Government objects to Judge Valle's conclusion that the FCA claim is insufficiently pled under a theory of either express or implied false certification, and therefore fails to satisfy the heightened pleading standard of Rule 9(b). The Government argues that it is not necessary to plead either an express or an implied false certification theory because claims that are tainted by violations of the AKS are false under the FCA, relying primarily upon *McNutt ex rel. United States v. Haleyville Med. Supplies, Inc.*, 423 F.3d 1256 (11th Cir. 2005). Thus, the Government contends that it was not necessary for Judge Valle to engage in any certification analysis. Nevertheless, even if the certification analysis applies, the Government contends that the Complaint adequately states a FCA claim under both an express and implied certification theory.

Some procedural background and clarification are necessary at this point. In response to the Complaint, each Defendant filed a motion to dismiss, to which the Government filed a consolidated response. *See* ECF No. [60] ("MTD Response"). One of the arguments made by Defendants PCA, Matthew Smith, and Patrick Smith, ECF Nos. [51], [53], and [54], is that the

Complaint fails to state a viable FCA claim under either the express or implied certification theory. In its MTD Response, the Government argued that the Complaint sufficiently states a claim under both theories.[3] The Government, however, did not make the argument in its MTD Response— which it now makes for the first time in its Objections—that analysis under either certification theory was unnecessary. A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). Therefore, the Court need not consider it.

It bears noting, in any event, that were the Court to credit the Government's argument, the heightened pleading standard in FCA cases would be rendered meaningless. It is well established that Rule 9(b) applies to FCA claims. *Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d at 1308-09. "To state a claim under the False Claims Act with particularity, the complaint must allege facts as to time, place, and substance of the defendant's alleged fraud, and the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Corsello*, 428 F.3d at 1012 (internal quotations and citations omitted). Following the Government's reasoning, if an alleged violation of the AKS were sufficient in and of itself to state a claim under the FCA, a relator or the Government in intervention could always state a FCA claim in a situation arising from an alleged kickback scheme. Such a result would be incorrect, and would render meaningless the established limitations on FCA claims.

In addition, the Government's argument regarding the applicability of the certification theories conflates the notions of falsity and presentment. "[L]iability under the False Claims Act does not arise solely from 'the disregard of government regulations or failure to maintain proper

---

[3] Nevertheless, in its Objections, the Government contends that the R&R *sua sponte* raised the question of whether the allegations in the Complaint are sufficient under an implied false certification theory. *See* ECF No. [110].

internal procedures.'" *United States ex rel. Phalp v. Lincare Holdings, Inc.*, 116 F. Supp. 3d 1326, 1343 (S.D. Fla. 2015) (citation omitted), *aff'd as modified*, 857 F.3d 1146 (11th Cir. 2017). "To prevail, a relator must provide details of a link between improper practices and the submission of false claims." *Id.* (citing *United States ex rel. Klusmeier v. Bell Constructors, Inc.*, 469 F. App'x 718, 721 (11th Cir. 2012)). While the Government is correct that a violation of the AKS may form the basis of an FCA claim, as the Eleventh Circuit determined in *McNutt*, it does not follow that simply alleging a violation of the AKS is sufficient to state a claim under the FCA. *McNutt* does not hold otherwise. Indeed, "[m]erely alleging a violation of the . . . Anti-kickback statute[] does not sufficiently state a claim under the FCA. It is the *submission* and *payment* of a *false* [TRICARE] *claim* and false certification of compliance with the law that creates FCA liability." *United States ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 591 F. App'x 693, 706 (11th Cir. 2014) (emphasis in original); *see also United States ex rel. Franklin v. Parke-Davis, Div. of Warner Lambert, Co.*, 147 F. Supp. 2d 39, 54 (D. Mass. 2001) ("[A] violation of the federal antikickback provision is not a *per se* violation of the FCA. In order for the antikickback violation to be transformed into an actionable FCA claim, the Government must have conditioned payment of a claim upon the claimant's *certification* in compliance with the antikickback provision.") (citation omitted) (emphasis added). Thus, Judge Valle correctly determined that the allegations in the Government's Complaint must satisfy one of the certification theories in order to meet the heightened pleading standard applicable to FCA claims. The Court therefore considers the Government's remaining objections.

### i. <u>Express certification</u>

The R&R determined that the Complaint fails to state a claim under the express certification theory. Judge Valle reasoned that, other than the execution of the Provider Agreement

with ESI, TRICARE's pharmacy benefits manager, there are no allegations of a false certification of compliance with an applicable law or regulation at the time a claim was submitted to TRICARE, or that PCA's agreement to abide by the terms of the Provider Agreement was false at the time it was made. The Government objects to the determination, arguing that numerous courts have held that FCA liability can be based on certifications of compliance in a provider agreement or enrollment form, regardless of when the claim for payment is submitted. The Government's argument again conflates two different concepts—in this instance, express and implied certification.

"Express certification means that the supplier has certified compliance with applicable laws and regulations *as part of the claims submission process*." *Phalp*, 116 F. Supp. 3d at 1345 (emphasis added). As the R&R correctly notes, the Complaint generally alleges the submission of claims, *see* ECF No. [36] ¶¶ 161-69, but there are no allegations of any express certification properly viewed as part of the claims submission process. Indeed, in discussing the concept of express certification, as opposed to implied certification, the Eleventh Circuit noted that "[c]ourts have recognized that under an express certification theory, falsely certifying compliance with the . . . Anti-Kickback Act *in connection with a claim* submitted to a federally funded insurance program is actionable under the FCA." *United States ex rel. Keeler v. Elsai, Inc.*, 568 F. App'x 783, 798-99 (11th Cir. 2014) (quoting *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 312 (3d Cir. 2011) (quotations omitted and emphasis added). In the instant case, there are no allegations regarding *express* certifications made by Defendants *in connection with* any of the representative claims provided. Rather, the Government generally alleges that a pharmacy seeking reimbursement from TRICARE must comply with program requirements, *see* 32 C.F.R. § 199.9(a)(4), and enter a Provider Agreement with ESI, and that the Provider

Agreement required PCA to comply with applicable laws and regulations and the Provider Manuals. ECF No. [36] ¶¶ 25, 27, 30-31. These allegations, however, are insufficient to state a claim under an express certification theory. Accordingly, the Court agrees with the R&R, and determines that the Complaint fails to state a claim for violation of the FCA under an express certification theory.

### ii.    Implied certification

The R&R also concludes that the Complaint fails to sufficiently state a claim under an implied certification theory because it does not contain any allegations regarding the specific representations Defendants made to TRICARE when submitting a claim. The Government objects, arguing that it has sufficiently alleged examples of specific representations made through a number of representative claims, which include the patient's initials, the date of service, a prescription identifier, the type of compounded drug prescribed, and the amount paid for that drug. The Government also argues that PCA made specific representations in the Provider Agreement that it would comply with applicable laws, and that the failure to comply with the AKS and subsequent demand for payment is sufficient to meet the standard for implied certification set forth by the Supreme Court in *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016).

"[A]n implied certification theory . . . recognizes that the FCA is violated where compliance with a law, rule, or regulation is a prerequisite to payment but a claim is made when a participant has engaged in a knowing violation." *Keeler*, 568 F. App'x at 799 (citation omitted). In *Escobar*, the Supreme Court held that under an implied certification theory, "liability can attach when the defendant submits a claim for payment that makes specific representations about the goods or services provided, but knowingly fails to disclose the defendant's noncompliance with a

statutory, regulatory, or contractual requirement. In these circumstances, liability may attach if the omission renders those misrepresentations misleading." 136 S. Ct. at 1995. Two conditions must be satisfied—"first, the claim does not merely request payment, but also makes specific representations about the goods or services provided; and second, the defendant's failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths." *Id*. at 2001. Thus, the failure to disclose the noncompliance must be "material to the Government's payment decision." *Id*. at 1995-96.

The Government argues that the TRICARE prescription drug claims contain a number of "specific representations" that are misleading in light of Defendants' failure to disclose their conduct. According to the Government, those representations would include the date of service, the patient on whose behalf payment is being sought, the prescribing provider, and the individual ingredients contained in the compounded drug. However, as Defendants point out, the representative claims alleged in the Complaint do not include this information.[4] Nor can the Government simply rely upon its incorporation by reference of the full set of PCA's TRICARE claims for the relevant period. While the Court, cognizant of patient privacy concerns, views the allegations in the Complaint in the light most favorable to the Government and draws all reasonable inferences in the Government's favor, the Court cannot construe allegations that are absent. Nor is the Court tasked with connecting the dots or filling the blanks. As a result, the Government has failed to adequately allege a claim under a theory of implied certification with respect to what it contends are specific representations contained in the TRICARE claims.

---

[4] The representative claims contain the patient's initials, a prescription number unlinked to any other identifying information, a general category of cream (scar or pain), a date of processing by TRICARE, and an amount of payment. *See* ECF No. [36] at ¶¶ 161-169.

For the same reason, the Government's argument that the implied certification claim is sufficiently pled based upon *McNutt* fails. In *McNutt*, the Eleventh Circuit determined that "[w]hen a violator of government regulations is ineligible to participate in a government program and that violator persists in presenting claims for payment that the violator knows the government does not owe, that violator is liable, under the [FCA], for its submission of those false claims." 423 F.3d at 1259. However, the Eleventh Circuit based its conclusion upon a finding that the Government there had alleged "detailed facts" and "specific claims." *Id*. at 1258. As the Court has already noted, the detailed facts that the Government points to are largely absent from the Complaint. Thus, the Government's assertion that specific representations are not required under *McNutt* is incorrect. In addition, neither *McNutt* nor *Escobar* support the conclusion that merely pleading ineligibility for a federally-funded program such as TRICARE is alone sufficient to state a claim under the FCA. Moreover, such a conclusion would conflict with the pleading standard of Rule 9(b). *See Keeler*, 568 F. App'x at 799 ("It is important to note, however, that as with any basis for FCA liability, such claims are subject to Rule 9(b)'s pleading requirements."). Accordingly, the R&R is correct in determining that the Complaint does not sufficiently state a claim under an implied certification theory.

### iii.     Remaining objections

Because the Court agrees that the Complaint fails to adequately allege a FCA claim for the reasons set forth above, and finds that the Government's objections to the R&R with respect to express and implied certification are due to be overruled, the Court does not consider the Government's remaining objections concerning the FCA claim.

**B. The Defendant's Objections**

As previously noted, although the R&R acknowledges that dismissal of the FCA claim is appropriate because it fails to sufficiently allege a claim under either an express or implied certification theory, the R&R nevertheless addresses the additional deficiencies raised by Defendants in their Motions. Defendants object to the additional conclusions reached in the R&R. Since the Court agrees that the FCA claim should be dismissed for the reasons already discussed, it is not necessary to review the additional findings regarding the FCA claim in the R&R. Accordingly, the Court does not consider Defendants' objections with respect to those additional findings. The Court now considers PCA's objections with respect to Counts II and III.

In its Motion, PCA argues that both counts should be dismissed for failure to specify whether they are asserted under federal common law or state law, and because they improperly incorporate all preceding allegations, including those against the other Defendants. In the R&R, Judge Valle determines that the remaining claims asserting payment by mistake (Count II) and unjust enrichment (Count III) are sufficiently pled. Specifically, the R&R determined that the claims are plainly governed by federal common law, and that the incorporation by reference of the preceding factual allegations is not improper because those claims are based on the same nucleus of facts as the FCA claim. PCA objects to those determinations in the R&R.

With respect to the R&R's finding that the claims are governed by federal common law, PCA makes the same argument as it did in its Motion. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting

*Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Because PCA simply reargues the same point, the objection is improper.

With respect to the R&R's finding that the reincorporation of factual allegations is proper, PCA objects because it "respectfully disagrees" with the Report's conclusion. Upon review, however, the Court finds no reason to disagree with the R&R on this basis. Thus, PCA's objection is overruled.

PCA also notes in its Objections that the R&R does not address its argument that any surviving claims should be limited to the representative claims of patients alleged in the Complaint, and requests in the alternative that the Court grant this relief. However, the Court has already determined that the FCA claim should be dismissed. Moreover, PCA fails to provide any support for the contention that limiting the federal common law claims in such a manner would be proper. Therefore, the Court will not prospectively limit the FCA claim and denies PCA's request.

## C. Dismissal with Prejudice

Finally, Defendants object to the R&R's determination that the FCA claim should be dismissed without prejudice, arguing that they have borne a significant discovery burden, that the Court granted five extensions of time for the Government to intervene, and that the interests of justice require dismissal with prejudice. The Court disagrees. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). As the R&R correctly notes, this is the first Complaint filed by the Government in this matter, and Defendants have not shown

that amendment should not be permitted under any of the three factors stated in *Bryant*. Accordingly, Defendants' objection is overruled.

## IV.     CONCLUSION

For the reasons set forth above, the Court **ADOPTS IN PART** the R&R, **ECF No. [100]**, as specified below:

1. PCA's Motion, **ECF No. [51]**, Matthew Smith's Motion, **ECF No. [53]**, and Patrick Smith's Motion, **ECF No. [54]**, are **GRANTED IN PART**. The FCA claim asserted in Count I is **DISMISSED WITHOUT PREJUDICE** for failure to adequately allege a claim under either an express or implied certification theory.

2. To the extent that the R&R reached conclusions with respect to the additional grounds argued by Defendants for dismissal, the Court determines that such conclusions were not necessary. Therefore, RLH's Motion, **ECF No. [52]**, is **DENIED AS MOOT**.

3. PCA's Motion, **ECF No. [51]**, with respect to Counts II and III is **DENIED**.

4. The Government shall file its amended complaint in intervention, **on or before March 18, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of March, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record